OSCAR TERRY v. THE STATE.

No. 1898. Decided November 9, 1898.

**1. Burglary—Evidence.**

On a trial for burglary, evidence is competent and admissible which tends to identify a pistol found in possession of a codefendant as one taken from the burglarized house. It was also pertinent as tending to establish the burglary and theft and identify the burglars.

**2. Admission of Evidence—Bill of Exceptions—Practice on Appeal.**

Without a bill of exceptions is reserved to the admission of testimony, the court on appeal will not consider assigned errors in reference to the same though mentioned in the motion for new trial.

APPEAL from the District Court of Freestone. Tried below before Hon. L. B. COBB.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

The indictment charged Walter Adams, Luther Cobb, and Oscar Terry jointly with burglary and of theft from the storehouse of Hendrix & Hendrix on the night of the 9th of September, 1895.

Hazley Adams testified that defendant Oscar Terry had confessed to

him that he, Oscar Terry, Walter Adams, and Luther Cobb had burglarized the store, and that Walter Adams had gotten a pistol they had taken from the house when they divided the things they took from the house. On cross-examination the defense proved by this witness that he had been prosecuted and acquitted for theft of a pair of gloves, and that defendant was a witness in that case against him. He, however, testified that he had been convicted in the County Court for the theft of a pistol. The defense also impeached him by several witnesses who testified that his reputation for truth and veracity was bad.

Walter Adams, one of the defendants, turned State's evidence and testified to the burglary, and that the house was burglarized by Luther Cobb and Oscar Terry, and that he held their horses. He testified to a conspiracy to commit the burglary, he being one of the conspirators. As part of the stolen property, he testified that he got a pair of shoes, a pistol, and 50 cents in money. The defense proved by this witness that he had been convicted for horse theft, and the attorneys for the State and county had agreed with him, that if he would turn State's evidence and tell the truth in the case, they would procure a pardon for him for the theft of the horse, which they did.

Jim Hendrix testified he was one of the firm whose store was burglarized, described the manner in which the house was evidently broken into, and the articles which had been stolen therefrom, among them a pistol which was exhibited to him while he testified, and was by him identified. That he recovered the pistol about two weeks after the burglary from Ed. Sammon.

Ed. Sammon testified that he got the pistol from Otis Bryant, and that Bryant got it from Walker Cobb, a brother of Luther Cobb, he of the defendant, who had bought it from Walter Adams.

The pistol was also identified by Dr. Autrey, who had owned it and sold it to Jim Hendrix.

J. C. Hendrix also testified that he had Garrett's snuff in stock at the time of the burglary, but don't know whether any was taken or not.

John Lanningham testified that between the 15th of November and the 15th of December, 1895, defendant asked him if he wanted to buy a bottle of snuff, and he told him "no."

The defense was an alibi, which was testified to by several witnesses, mainly near relatives of the defendant.

No briefs for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

On the trial the defendant objected to the testimony of Otis Bryant,

on the ground that same was not pertinent as against him; that it did not in anywise tend to show his connection with the alleged burglary. The testimony of Bryant tended to show the identity of a pistol taken from the house alleged to have been burglarized, and found in the possession of one of the defendants. We think said testimony was pertinent, as tending to establish the burglary and theft, and also to identify the party who committed said burglary.

There is no bill of exceptions to the admission of the testimony in regard to the snuff, and consequently we can not notice what is said in the motion for a new trial or in the assignment of errors in this respect.

We have examined the record carefully, and in our opinion the evidence supports the verdict. The charge of the court was fair and impartial, covering all the issues in the case. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.