[No. 5608. Decided September 6, 1905.]

THE STATE OF WASHINGTON, *Respondent*, v. OTTO
BRINGGOLD, *Appellant*.[1]

APPEAL—REVIEW—QUASHING WRIT OF CERTIORARI NOT REVIEWED ON SUBSEQUENT APPEAL FROM THE JUDGMENT. Error in refusing to quash a writ of certiorari from a justice's court, appeal from which was taken but not perfected, cannot be reviewed on a subsequent appeal from a conviction thereafter had in the superior court.

CRIMINAL LAW—APPEAL FROM JUSTICE'S COURT—TRIAL DE NOVO AFTER SUSTAINING DEMURRER TO COMPLAINT IN JUSTICE'S COURT. Upon appeal from a justice's court in a criminal case, the superior court has jurisdiction of the cause for trial *de novo*, and after sustaining a demurrer to the complaint below, may direct a new complaint or information to be filed.

1Reported in 82 Pac. 132.

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—EVIDENCE AS AD-MISSION OF DEFENDANT. A plea of guilty in a justice's court that has been withdrawn is competent evidence as an admission upon the trial of the cause *de novo* in the superior court.

CRIMINAL LAW—EVIDENCE OF JUSTICE OF PEACE BEFORE WHOM DEFENDANT WAS TRIED—ADMISSIBILITY. A justice of the peace is a competent witness concerning the facts that occurred before him on a previous trial of the case.

CRIMINAL LAW—TAMPERING WITH WITNESSES—EVIDENCE OF DE-FENDANT'S KNOWLEDGE OF PENDENCY OF SUIT. Upon a prosecution for tampering with a witness in a certain cause, the record in such cause is admissible where there was other evidence that the de-fendant knew that such cause was in progress at the time in question.

SAME—RECORD OF FORMER CASE—INDENTIFICATION OF COMPLAINT—WHEN ADMISSIBLE WITHOUT AUTHENTICATION. Upon a prosecution for tampering with a witness in a certain cause, a complaint, to which the defendant had pleaded guilty at a former trial, is ad-missible in evidence without authentication, when there is evidence that it had been read over to the accused at the former trial and was identified as the same complaint to which he had pleaded guilty.

SAME—WITNESS TAMPERED WITH NOT SUBPOENAED. Upon a prose-cution for tampering with a witness, it is immaterial whether or not the witness had been subpoenaed.

EVIDENCE—LETTERS FROM THIRD PERSON—INADMISSIBLE AS EVIDENCE OF FACTS STATED. Upon a prosecution for tampering with a witness, letters from her to the accused are inadmissible as original evidence of the facts recited in them.

APPEAL—REVIEW—IMMATERIAL EVIDENCE. Error cannot be predi-cated on the rejection of immaterial evidence having no bearing on the case.

SAME—INSTRUCTIONS—EXCEPTIONS. Error cannot be predicated upon instructions not excepted to within the time prescribed by statute.

CRIMINAL LAW—TAMPERING WITH WITNESS—PERSUASION—THREATS—EVIDENCE—SUFFICIENCY. Upon a prosecution for tampering with a witness, the evidence is sufficient to sustain a conviction, where it appears that the accused, for the purpose of obstructing the course of justice, endeavored to persuade the witness not to testify, and resorted to threats to blacken her good name if she did so; and in such case the evidence does not warrant the giving of an instruction to acquit if the jury find that accused advised the witness to do her duty and tell the truth.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered March 3, 1904, upon a trial and conviction of the offense of tampering with a witness. Affirmed.

*Peacock & Wells* and *E. H. Sullivan,* for appellant.
*R. M. Barnhart* and *A. J. Laughon,* for respondent.

FULLERTON, J.—On December 18, 1903, a complaint was filed in the justice's court of Spokane precinct, before J. D. Hinkle, justice of the peace, charging the appellant with the offense of tampering with a witness. A warrant of arrest was issued on the complaint, and the appellant was arrested thereon, and brought before the justice, when the offense with which he was charged was made known to him. Being called upon to plead to the charge, the appellant entered a plea of guilty, whereupon the justice continued the case until the next day, for the purpose of examining witnesses as to the circumstances under which the offense was committed. On the next day, at the time appointed, the appellant appeared with counsel, and moved the court for leave to withdraw his plea of guilty, stating that the same was entered by mistake, and that he desired a trial upon the merits of the accusation against him. The justice refused to permit the appellant to withdraw his plea, and thereupon examined a witness as to the circumstances of the offense, at the conclusion of which he adjudged the appellant guilty, on his plea of guilty, and sentenced him to jail for ten days, and to pay a fine of $70 and costs.

The appellant, in open court, gave notice of appeal to the superior court, and requested the justice to fix the amount of bail he would require to supersede the judgment pending such appeal. The justice refused to fix the bail, giving as his reason therefor that an appeal did not lie from a judgment of conviction had on a plea of guilty. The appellant thereupon applied for and obtained a writ of review

from the superior court of Spokane county, commanding the justice to make return of a transcript of the record and proceedings to that court, that the same might be reviewed as by law provided.

On this return being made, the appellant moved the court to require the justice to make a more complete return, averring by affidavit that the return made was incomplete and false. The state at the same time moved to quash the writ. These motions came on for hearing together, when the court denied the appellant's motion, but granted that of the state, holding that the remedy of the appellant for any error committed by the justice of the peace was by appeal. The appellant gave notice of appeal to the supreme court from these orders, and the court at his request fixed the amount of the bond required to be given in order to perfect the appeal; the appeal, however, seems never to have been perfected.

While these proceedings were being had, the justice of the peace transmitted to the superior court a transcript of the record on the appeal from the judgment of conviction entered in his court, and, on the return day fixed by him, the appellant appeared and asked leave to withdraw his plea of guilty to the complaint, and plead anew thereto in the superior court. This motion the court granted, whereupon the appellant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a crime; which demurrer the court sustained, holding the defendant to appear on a future day certain to abide the order of the court. The state thereupon asked leave to file an information against the defendant, charging him with the same offense. On leave being granted, an information was filed, to which the appellant pleaded not guilty, and a trial was had thereon before a jury, resulting in a judgment of conviction. This appeal is from that judgment.

The first three errors assigned refer to the orders of the court leading up to the filing of the information. It is con-

tended that the court erred in overruling the appellant's motion for a further and more complete return to the writ of review; in quashing the writ of review, and in not sending the case back to the justice of the peace with instructions to allow the appellant to withdraw his plea of guilty entered to the complaint; and in not sending the case back with instructions to grant the appellant's appeal therefrom. But these are questions not presented by the record before us. Had appellant perfected his appeal from the order quashing the writ of review, this court would probably have reviewed them on that appeal, but it cannot review them on the present appeal. A writ of review, under our practice, is an independent proceeding, in which a final judgment can be entered, and from which an independent appeal may be taken. The writ, while it may be sued out in aid of other proceedings, never becomes so far a part of such other proceedings that it may be reviewed on an appeal taken from a judgment entered therein. So, whether or not there was error in quashing the writ and refusing to make the several orders demanded, we have no power to inquire on this appeal.

It is next assigned that the court erred in assuming jurisdiction over the offense, after having sustained a demurrer to the complaint brought up from the justice's court. It is said that the superior court's jurisdiction was appellate only, and when it was determined that the justice's judgment was erroneous because entered on an insufficient complaint, the superior court was without authority to proceed further with the case, and should have dismissed it or remanded it to the justice's court for further proceedings. Such, however, is not the rule. An appeal of a criminal case, from a justice of the peace to the superior court, vests the superior court with jurisdiction to proceed in the case as if it had been originally commenced in that court. It tries the case *de novo,* and pronounces such judgment as it deems the case warrants. If it finds that the complaint filed in the justice's court fails to state facts sufficient to constitute a crime, it

has jurisdiction either to discharge the defendant, allow the complaint to be amended by the filing of a new complaint, or direct that an information be filed against him charging him with that offense which it appears to the court he has committed. In either event the cause proceeds as if originally commenced in the superior court. Here, the superior court directed an information to be filed, and in so doing acted within its jurisdiction.

It is next assigned that the court erred in permitting the state to show that the appellant had pleaded guilty to the complaint filed against him in the justice's court. It is argued that this plea became *functus officio* after it was withdrawn, and was no longer admissible as evidence. There are cases which maintain this rule, but we think the better rule is the other way. It is generally held that extrajudicial confessions, voluntarily made by a defendant, are admissible against him as evidence tending to show the fact confessed, whether or not the confession itself, or the matter of the confession, be afterwards denied. The withdrawal of a plea of guilty, and the entry of a plea of not guilty, is in effect only a denial of facts that were at one time admitted, and it would seem that any rule that would admit in evidence a confession made out of court, ought to admit one made in court. Such a plea is not, of course, conclusive evidence against the defendant. It is competent evidence merely, its weight and sufficiency being for the jury. *Terry v. State,* 39 Tex. Cr. Rep. 628, 47 S. W. 654; *Commonwealth v. Brown,* 150 Mass. 330, 23 N. E. 49; *Murmutt v. State* (Tex. Cr. App.), 67 S. W. 508; *People v. Gould,* 70 Mich. 240, 38 N. W. 232, 14 Am. St. 493; 12 Cyc. 460.

In this connection it is further urged that the justice of the peace was incompetent to testify concerning what occurred when the appellant was brought before him, under the rule announced by this court in *Maitland v. Zanga,* 14 Wash. 92, 44 Pac. 117. In that case we held it error

for the judge presiding at the trial of a case to testify therein, over the objection of the party against whom he was called as a witness. But that case is not authority for the question here. In the case before us, the judge was not called to testify in a case over which he was presiding as judge, but was called to testify concerning a fact occurring in a previous trial over which he presided as judge. No court, so far as we are advised, maintains the doctrine that a witness under the circumstances shown here is not competent to testify.

The witness the appellant was accused of tampering with was the prosecuting witness in the case of *State v. Royce.* (38 Wash. 111, 80 Pac. 268). At the trial, the state offered the record of that case in evidence, and it was admitted over the appellant's objection. The appellant now urges that this was error, because the state had not "made it relevant by proof of knowledge on the part of the appellant of said cause being in progress in the superior court." But the appellant mistakes the record. There is abundant proof in the record that the appellant knew that the cause of *State v. Royce,* was pending when he endeavored to prevent the prosecuting witness from appearing and giving evidence in that cause.

One J. F. McDermott was called as a witness on behalf of the state, and testified to certain confessions and admissions made by the appellant tending to show guilt. Among other things, he testified that, when the appellant was brought before the justice of the peace, a complaint charging him with tampering with a witness in the case of *State v. Royce,* was read to him, and that he pleaded guilty to the charge, and that shortly thereafter he remarked to the witness, "Now, Mac, I pleaded guilty, and I want you to not bring any more witnesses than is necessary; there is no use in knocking me any harder than you have to." In connection with this evidence, the state offered, and the court admitted, the complaint in evidence, after it had been shown the witness

and identified by him as the one read to the appellant. It is urged that this was error because the complaint was a public record, and to be admissible must be produced by its proper custodian, and it was not shown that any reason existed for introducing it in this irregular manner. Conceding that the complaint referred to was a public record, it would be no reason for denying its admission as evidence to show that it had been improperly obtained from the public records. Nor was its admission otherwise objectionable. The complaint was offered as explanatory of the witness' testimony, and as such was admissible whether it was a public record or not, on the same principle that plats, diagrams, photographs, pictures, and other articles are admissible, when they tend to illustrate, explain, and make more clear to the understanding the facts testified to by a witness. This complaint, after being identified by the witness as being the one read to the appellant, and the one containing the charges to which he pleaded guilty, was admissible for the purpose of informing the jury what those charges were. The identification made by the witness was sufficient to authorize its introduction as evidence for that purpose; formal certification by its proper custodian is necessary only in cases where a record is attempted to be proved as a record.

The offense charged in the information against the appellant was that he did, on the 16th day of December, 1903, wilfully and corruptly endeavor to prevent and hinder Mrs. D. C. McFarlane from appearing as a witness in and before the superior court, and from giving evidence and testimony in a case therein pending, wherein the state of Washington was plaintiff, and William A. Royce was defendant. On the trial, the appellant offered in evidence a subpoena, showing that Mrs. McFarlane was served on December 18, 1903, to appear as a witness in that cause, which offer the court rejected. The appellant assigns this as error, contending that the person tampered with must be subpoenaed as a

witness before the statutory offense of tampering with a witness can be committed. But the phrase "tampering with a witness" is only the statutory name for the offense described in the body of the act defining the offense. The act provides that,

"If any person shall wilfully and corruptly . . . endeavor to hinder, or prevent any person from appearing . . . as a witness, or from giving evidence in any action or proceeding, with intent thereby to obstruct the course of justice, he shall be deemed guilty," etc. Laws 1901, p. 16.

The offense is committed by endeavoring to prevent any person, whether subpoenaed as a witness or not, from appearing and giving evidence. Hence, it could make no difference in this case, so far as the appellant's guilt was concerned, whether or not Mrs. McFarlane was subpoenaed as a witness in the case of *State v. Royce,* at the time the appellant committed the offense charged against him. He was guilty of the offense described in the statute, if he wilfully and corruptly endeavored to prevent her from appearing as a witness in that case, or from giving evidence therein, with intent to obstruct the course of justice. The fact that she may not then have been subpoenaed is immaterial, and it was not error to refuse to admit in evidence the subpoena offered.

When Pearl McFarlane was on the stand for the state, certain letters were shown her which she admitted having written to Royce. The appellant subsequently offered these letters in evidence, as a part of his defense, and argues here that it was error for the trial court to reject them. But clearly they were inadmissible. If the witness had testified to material matters on behalf of the state which these letters would contradict, they would, perhaps, have been admissible as evidence tending to impeach her, but they could not be original evidence of the facts recited in them.

There was no error in refusing to permit the clerk to testify to the disposition that was made of the complaint

filed in the justice's court, after the case had been brought to the superior court on appeal, nor in rejecting the certified transcript of the proceedings had before the justice of the peace. These related to immaterial matters, having nothing to do with any fact upon which the jury were required to pass.

The instructions complained of were not excepted to within the time prescribed by statute, and any error contained in them was waived by the failure to so except.

At the conclusion of the evidence, the appellant requested the court to instruct the jury to return a verdict of not guilty. On this request being refused, he requested that the court give the following instruction:

"(2) If you find from the evidence that the defendant said to Mrs. D. C. McFarlane that she should go to the prosecuting attorney and tell him the facts and leave the matter to him and if the prosecutor said that she should go on the stand as a witness against said William A. Royce, then she should do her duty and tell the truth, you should find .the defendant not guilty."

Each of these instructions were properly refused. The first is based on the contention that the evidence was insufficient to justify a verdict of guilty. The appellant argues that the act of trying to persuade a person not to testify in a given case does not constitute the offense defined by the statute, but that some physical act of intervention on the part of a defendant is necessary to constitute the offense, and that here nothing more than mere persuasion was shown. But we think the appellant is wrong in both his statement of the rule and his deduction from the evidence. If the endeavor to prevent the person from appearing as a witness and giving evidence is done with intent to obstruct the course of justice, it matters little what form the endeavor takes. It may be by persuasion, advice, threats, or physical acts of intervention—either constitutes the crime. So if it were true that the appellant merely tried to persuade this

witness not to appear, the evidence would be sufficient to warrant his conviction, as it appears clearly that the effort was made for the purpose of obstructing the course of justice. But the appellant was guilty of something more than mere persuasion. True, he did not resort to physical force, but he made threats of the most dastardly sort, threats to blacken the witness' good name if she appeared and testified in the action against Royce. It is just such cases as this that the statute was intended to punish, and on the facts of the case, we have no hesitancy in saying that the verdict was just and proper.

It was not error to refuse to give the second requested instruction. If such an instruction could be proper in any case, it is sufficient to say that the facts of the case before us did not warrant it.

As we find no substantial error in the record, the judgment will stand affirmed.

MOUNT, C. J., RUDKIN, ROOT, CROW, HADLEY, and DUNBAR, JJ., concur.