[No. 13460.   Department One.   July 14, 1916.]

## THE STATE OF WASHINGTON, *Respondent*, v. W. W. WINGARD, *Appellant*.[1]

OBSTRUCTING JUSTICE—INFORMATION — SUFFICIENCY. An information charging accused with tampering with witnesses in a certain action before a designated justice court, is sufficient without alleging that such court was "authorized to subpoena witnesses," within Rem. & Bal. Code, § 2363, defining the offense; in view of Id., § 52, providing that every justice court has power to compel the attendance of witnesses.

INDICTMENT AND INFORMATION—DUPLICITY. An information charging the accused with tampering with witnesses in a certain action is not duplicitous in that it charges two means employed—"by persuasion and offer of money"—as they were not inconsistent means or repugnant to each other.

SAME — SUFFICIENCY — APPARENT MISTAKE. The omission of the charging verb "did" in an information is not fatal, where it is plain from the wording that it was omitted by mistake, and its omission would be discovered only by a very careful perusal of the information.

CRIMINAL LAW — EVIDENCE — CONCLUSIONS. An inquiry as to whether accused was just "stalling" and "kidding" is properly excluded as calling for the conclusion of a witness.

SAME—APPEAL—HARMLESS ERROR. Error in the exclusion of a question is harmless where it was thereafter answered in substance.

EVIDENCE—JUDICIAL NOTICE. The courts will take judicial notice that there was a justice of the peace in a precinct.

OBSTRUCTING JUSTICE—EXISTENCE OF COURT AND ACTION—EVIDENCE —SUFFICIENCY. In a prosecution for tampering with witnesses in an action before a justice of the peace, a certified copy of the record

[1]Reported in 158 Pac. 725.

from the justice court is sufficient evidence as to the existence of the court, the jurisdiction, and the action.

SAME—EVIDENCE—SUFFICIENCY. A conviction of an attempt to obstruct justice by tampering with witnesses is sustained by evidence that accused attempted to persuade them not to appear, stating they would be well paid for it and that the subpoenas did not amount to anything, and that they would not be able to live in the town afterwards if they appeared.

CRIMINAL LAW—EVIDENCE—CONCLUSIONS. In a prosecution for tampering with witnesses, defendant's statement, after detailing his conversation with the witnesses, that "It was just part of my jolly," is properly excluded as a conclusion.

CRIMINAL LAW—APPEAL—HARMLESS ERROR. It is not error to refuse requested instructions that were covered in the general charge.

WITNESSES—CREDIBILITY—INSTRUCTIONS. In a criminal prosecution, where it was conceded that certain female witnesses were of immoral character, it is not error or an unlawful comment on the evidence to refer to the fact as merely affecting their credibility.

CRIMINAL LAW — APPEAL — HARMLESS ERROR. Instructions in a criminal case stating that certain facts were admitted cannot be assigned as error where it was invited by the consent of counsel for the accused; nor where the facts were absolutely proven and not contradicted upon the record.

Appeal from a judgment of the superior court for Pierce county, Ronald, J., entered November 10, 1915, upon a trial and conviction of attempt to obstruct justice. Affirmed.

*Lorenzo Dow, Browder D. Brown,* and *C. R. Reeves* (*G. J. Langford,* of counsel), for appellant.

*Fred G. Remann* and *Myron C. Cramer,* for respondent.

MOUNT, J.—The appellant was accused by information of tampering with certain witnesses subpoenaed to testify in the justice court, and was tried to the court and a jury. The defendant was found guilty, and a judgment was pronounced against him. He has appealed from that judgment.

The appellant contends, first, that the court erred in overruling a demurrer to the information; first, because it does not allege sufficient facts, and second, because two crimes are

charged.   The information was filed under § 2363, Rem. &
Bal. Code, which provides as follows:

"Every person who shall willfully prevent or attempt to
prevent, by persuasion, threats or otherwise, any person from
appearing before any court, or officer authorized to subpoena
witnesses, as a witness in any action, proceeding or investiga-
tion, with intent thereby to obstruct the course of justice,
shall be guilty of a gross misdemeanor."

The information, after the charging part, is as follows:

"That the said W. W. Wingard and T. W. Gosney in the
county of Pierce, in the State of Washington, on or about the
16th day of August, 1915, then and there being, unlawfully
and wilfully attempt by persuasion and offer of money to pre-
vent two persons, to wit: Rosie Smith and Alma Moen, from
appearing before the court of this state, to wit: before the
court of Frank H. Graham, Esq., justice of the peace, Ta-
coma precinct, Pierce county, Washington, they then and
there being duly subpoenaed on the part of the plaintiff to
appear as witnesses in an action pending before the said
court, said action being entitled State of Washington, plain-
tiff, v. Rose Foster, defendant, with intent thereby to obstruct
the course of justice, contrary to the form of the statute,"
etc.

The appellant argues that, because the statute says "Any
court or officer authorized to subpoena witnesses," the in-
formation is defective, because it does not allege that the
justice of the peace in Tacoma precinct was authorized to is-
sue subpoenas.   And he contends from this that, before the
information is sufficient, all the elements necessary to con-
stitute the crime must be charged.   It is sufficient answer to
this to say that the information charges that the officer be-
fore whom the case was pending was a justice of the peace in
Tacoma precinct, Pierce county, Washington.   The statute
provides at § 52, Rem. & Bal. Code, that "Every court of
justice has power  .  .  .  To compel the attendance of
persons to testify in an action, suit, or proceeding therein, in
the cases and manner provided by this code."   When it was
alleged, therefore, that the case was pending in the court of

Frank H. Graham, a justice of the peace in Tacoma precinct, that necessarily carried with it the idea that that court had the power, under the statute, to subpoena and compel the attendance of witnesses.

It is next argued that the information is duplicitous because it charges that the defendant did unlawfully and wilfully attempt *"by persuasion and offer of money"* to prevent two persons from appearing as witnesses. But this court has held, and the general rule is, that "where a single offense may be committed in different ways or by different means, it may be charged in the information to have been committed by more than one of the ways or means, provided the ways or means charged be not repugnant to each other." *State v. Pettit*, 74 Wash. 510, 133 Pac. 1014; *State v. Gaul*, 88 Wash. 295, 152 Pac. 1029. It is clear that the attempt by persuasion and offer of money did not allege inconsistent means. They are consistent with each other, and it was clearly proved that both means were used.

It is next argued that the information is defective because it does not contain the charging verb "did," or its equivalent. It is plain from the wording of the information that this word was omitted by mistake, and only by a careful perusal of the information would it be discovered that this verb was omitted. There is no merit in this contention. We are satisfied that the information states a crime under the statute.

During the cross-examination of one of the state's witnesses, she was asked this question: "Now, you understood that Mr. Wingard was just 'stalling' and 'kidding' around there, did you not?" This was objected to, and the objection was sustained. Immediately counsel asked the following question: "Do you remember using that phrase on the former trial?" And the answer was: "Yes, sir."

We are satisfied that the answer to this question must have been a conclusion of the witness from the facts and circumstances she had already testified to. The conclusion was one proper to be drawn by the jury. The answer of the witness

one way or the other would have been of no force.   It was therefore not error to sustain the objection.   And furthermore, the question was in substance answered.   There is no merit in this assignment.

It is next argued that the court erred in refusing to instruct a verdict of acquittal at the close of the state's case for the reasons following:   That there was no competent evidence that Frank H. Graham was a justice of the peace, elected and qualified; that the justice had jurisdiction over the subject-matter of the State of Washington v. Rose Foster; that Graham had jurisdiction to subpoena witnesses; that the case of State v. Rose Foster was pending before the justice at the time the subpoenas were issued; and finally, that the defendant offered money to the witnesses Smith and Moen.

Upon the trial, the justice himself was called as a witness and testified, without objection, that he was the qualified, acting, and elected justice of the peace in that precinct, and that on August 16, 1915, there was pending in his court a case entitled State of Washington v. Rose Foster.   Furthermore a certified copy of the records in the case of State v. Rose Foster was introduced in evidence.   It was the duty of the trial court to take notice of the fact that there was a justice of the peace in that precinct.   And when it was shown without objection that Graham was the duly elected, qualified, and acting justice, that was all that was necessary.   We do not mean to intimate that it was necessary to prove by the justice of the peace that he was acting as such at that time. The record was sufficient without his oral testimony.

It is next argued that the evidence was insufficient.   Several witnesses testified that these two girls mentioned in the information had been subpoenaed as witnesses in the case pending in the justice court; that the appellant appeared at their rooms and attempted to persuade them not to appear before the justice in obedience to the subpoenas; and stated to them in substance that there was a good thing in it for them; that they would be well paid for it; that the subpoenas

did not amount to anything; and that they would not be able to live in town afterwards if they appeared as witnesses. It is perfectly plain, therefore, that if this evidence was true, there was sufficient evidence upon which to base a conviction. The intention of the appellant in making these statements, if made by him, was for the jury. *State v. Surry*, 23 Wash. 655, 63 Pac. 557; *State v. Gaul, supra; State v. Bringgold*, 40 Wash. 12, 82 Pac. 132. It was therefore not error for the court to refuse to direct a verdict of acquittal.

When the appellant was upon the stand testifying in his own behalf, he said:

"I think I said to them, (referring to the girls named in the information), 'I will buy you an automobile; I will take you to Spokane, Seattle, or any old place. We will buy a cafe; have plenty to eat and plenty to drink.' It was just part of my jolly."

The words, "It was just part of my jolly," were objected to as a conclusion. This objection was sustained. It is now urged that this was error for the reason that the appellant had a right to show what his intention was. There can be no doubt that he had a right to show what his intention was. But his intention was to be determined by the jury from all the facts and circumstances. It was not error, therefore, to sustain this objection.

The appellant next argues that the court erred in refusing several instructions requested by the appellant. These requested instructions were, in substance and in short, that there must be an unfinished crime to be an attempt; that there must be some appreciable fragment of the crime committed by the defendant; that the defendant intended to commit the crime; and that the jury must find that the defendant had committed acts which amounted to more than mere preparation.

While the instructions requested were refused, they were given in substance by the court; not in the exact language re-

quested, but that was not necessary. It was therefore not error to refuse these instructions.

In instructing the jury, the court, among other things, said:

"Neither is the character or reputation of the girls for morality material except in so far, and only so far, as such may affect, if it affects at all (of which you are the sole judges) their credibility as witnesses in this case. Whatever may be their character, has it in your judgment affected their credibility? If you believe they have told the truth, then their character is entirely immaterial. Truth is truth and it is to be so considered, whether it comes from a polluted or a pure source."

It is argued, first, that this instruction is a comment upon the evidence, and that it is argumentative. It was conceded upon the trial that these girls had theretofore been of immoral character. We think there can be no doubt that the character and reputation of these girls was material as affecting their credibility. It was not material for any other purpose. We are satisfied that the instruction was clearly right, that it was neither argumentative nor a comment upon the evidence. It was the duty of the jury to determine the truth, and if they believed that these girls, though of immoral character, had told the truth, it was proper for them to believe their statements.

The court instructed the jury as follows:

"I instruct you that it is admitted that Frank H. Graham was at the date mentioned, a justice of the peace in Tacoma precinct, and that there was pending in said court the action of the State v. Rose Foster, and hence the remaining facts which the state must prove and which you must find in order to convict, are the following:"

The court then proceeded to define the issues to the jury. It appears that, after an adjournment of the court for the noon recess while the cause was on trial, the trial judge called counsel for the state and for the defendant to his

bench immediately after the court had taken a recess. The court then stated:

"Gentlemen, I understand that you do not appear to deny that Frank H. Graham was a justice of the peace of Tacoma precinct, on the 16th day of August, 1915, nor that there was pending in his court at that time the case of the State v. Rose Foster. For the purpose of framing instructions I would like to ask you gentlemen if I am at liberty to consider those facts as admitted by the defendant?"

Whereupon, counsel for the defendant answered the court stating that these two facts could be considered admitted. It is now strenuously insisted by the appellant that this instruction was erroneous because it withdrew from the consideration of the jury two material facts which were at issue, and which had not been proven to the jury, and that the instruction was a comment upon the evidence. There is no merit in these contentions, because, first, if it was error to instruct the jury as was done in this case, upon the agreement of counsel, it was clearly invited error which cannot now be taken advantage of. *Olson v. Carlson*, 83 Wash. 415, 145 Pac. 237. And second, these facts were absolutely proven and not contradicted upon the record. The record of the justice showed that the action stated was pending before the justice, that the justice had jurisdiction to issue subpoenas, that they were issued, and these facts, while put in issue by the plea of not guilty, were record facts which were not capable of being disputed, and they were not actually disputed. They were admitted facts in the case, and for that reason the trial court was authorized to so state to the jury under the circumstances. *State v. Ewing*, 67 Wash. 395, 121 Pac. 834.

It is also argued that there was not sufficient evidence upon which to base a verdict. We have read the entire record with care and are convinced that there was not only ample evidence, but that there was no room for any other just verdict. We shall not attempt to set out the facts in this opinion.

There are other errors assigned in the brief which we have not noticed, for the reason that they are not sufficiently meritorious to justify discussion.

We find no error in the record, and the judgment must therefore be affirmed.

MORRIS, C. J., ELLIS, and FULLERTON, JJ., concur.