[No. 2035-1.    Division One.    October 15, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. BARRY L. SCHERCK, *Appellant*.

*Houger, Garvey, Schubert & Barnes* and *M. John Bundy,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Jonathan B. Noll, Deputy,* for respondent.

JAMES, J.—Defendant Barry L. Scherck was convicted at jury trial of violating RCW 9.69.080 by "tampering" with a witness. Uncontroverted evidence established that on August 7, 1969, a friend of Scherck's was charged with robbery by a complaint filed in district court for the purpose of a preliminary hearing. The hearing was held on August 25, 1969. The victim of the robbery testified in behalf of the state. The judge made no ruling at the conclusion of the hearing. Scherck appeared at the home of the robbery victim on September 1 and again on September 2, 1969, and made statements, which the victim interpreted to be threats, to induce him to refuse to testify at the anticipated robbery trial.

The district court judge bound the matter over to superior court by order signed on September 3, 1969, and the information charging Scherck's friend with robbery was filed in superior court on September 8, 1969.

Scherck assigns error to the denial of his motion to dismiss the charge against him on the ground that the state did not meet its burden of proving that he, in fact, did attempt to dissuade the witness from testifying. The crime

of "Tampering with witness" is defined in RCW 9.69.080 as follows:

> Every person who shall wilfully prevent or attempt to prevent, or who shall wilfully conspire to prevent, by persuasion, threats, or otherwise, any person from appearing before any court, or officer authorized to subpoena witnesses, as a witness in any action, proceeding, trial, investigation, hearing, inquiry, or other proceedings authorized by law, with intent thereby to obstruct the course of justice, shall be guilty of a felony and shall be punished by imprisonment in the state penitentiary for a term of five years.

Scherck points out that he and his witnesses testified that all he asked the victim to do was "just, you know, drop the charges. That's all we ever asked him to do." This, says Scherck, was not tantamount to an attempt to prevent the victim from "appearing" as a witness in the event that his request to drop the charges was refused.

Scherck's argument is an exercise in semantics. The victim testified that Scherck said to him: " 'If you will refuse to appear as a witness in a trial against [Scherck's friend], the State will have no course but to drop the case.' " When the victim responded that he could not refuse to appear, Scherck observed that he (the victim) had a nice house in a nice neighborhood and that "[i]t would be a shame if anything happened to it." Further, Scherck said that if the case came to trial it "would be very embarrassing for [the victim]."

The jurors were required to consider the inferential meaning as well as the literal meaning of Scherck's conversation with the witness. The literal meaning of words is not necessarily the intended communication. The true meaning of words may be lost if they are lifted out of context. Substantial evidence supports the trial judge's conclusion that a factual question was presented as to Scherck's intent. That question was properly submitted to the jury. *State v. Wingard*, 92 Wash. 219, 158 P. 725 (1916).

Scherck's principal contention with reference to his claim that the facts alleged do not constitute a crime is that

"[t]here was no pending action at the time of [the] alleged unlawful conduct, which is a necessary element of the crime charged." Scherck reasons that because the statute refers to an appearance before a "court, or officer authorized to subpoena witnesses," there must be a pending proceeding because "[a] Court or such officer cannot use its subpoena power unless there is an action pending."

Scherck concedes that RCW 9.69.080 does not specify that a proceeding be pending. He relies, however, upon two Washington cases to support his construction of the statute. They are: *State v. Wingard, supra,* and *Armstrong v. Van De Vanter,* 21 Wash. 682, 59 P. 510 (1899). We find that neither case is authority for construing the Washington statute to require that there be a *pending* "action, proceeding, trial, investigation, hearing, inquiry, or other proceedings authorized by law, . . ." RCW 9.69.080.

In *Armstrong,* the State of Illinois sought to extradite a defendant charged with violation of an Illinois statute which made it a crime to corrupt or attempt to " 'corrupt any [person] . . . with intent to bias the opinion or influence the decision of such [person] . . . in relation to *any matter pending* in the court'." (Italics ours.) *Armstrong v. Van De Vanter, supra* at 696. Washington refused because it affirmatively appeared that "there could have been no trial pending to base the indictment upon," and therefore no crime was charged under the Illinois statute. *Armstrong v. Van De Vanter, supra* at 698. But since the opinion was concerned with a statute expressly requiring a "pending" matter, it does not provide precedent for Scherck's position.

The defendant in *Wingard* was charged with tampering with a witness under an earlier but essentially similar version of RCW 9.69.080. The information charged an attempt to prevent two witnesses from appearing " 'as witnesses in an action pending before the said court.' " *State v. Wingard, supra* at 221. Error was assigned to the trial court's

refusal to direct a verdict of acquittal because the prosecution failed to prove that the justice of the peace was elected and qualified; that he had jurisdiction over the subject matter; that he had the power to issue subpoenas; and that the case was pending before him at the time of the alleged witness tampering.

The court disposed of the matter by pointing out, first, that defense counsel had agreed that the jury should be instructed that the challenged matters were admitted by the defense and second, that the challenged "facts were absolutely proven and not contradicted upon the record." *State v. Wingard, supra* at 226. The question of whether the statute impliedly contemplated a "pending action" was not considered. Neither does this case provide precedent for Scherck's position.

██ ██   Legislative intent is to be gleaned, if possible, from the language of a statute itself. *In re Renton,* 79 Wn.2d 374, 485 P.2d 613 (1971); *Seattle Professional Photographers Ass'n v. Sears, Roebuck & Co.,* 9 Wn. App. 656, 513 P.2d 840 (1973). We discern no ambiguity in the language of RCW 9.69.080. Neither do we read it to imply the necessity for a "pending action." The "course of justice" in a criminal matter may have its beginning prior to the arrest of a suspect. Justice may be frustrated by tampering with a witness before any "investigation," "proceeding," or "action" has been commenced.

In any event, it is clear that at the time Scherck made his approach to the victim, the robbery charge against his friend *was* "pending." The judge had not ruled, and consequently still retained jurisdiction to subpoena the victim for further testimony.

██   Scherck's final claim of error is that the trial court erred in giving instruction No. 4 and in refusing to substitute his proposed instructions therefor. Instruction No. 4 is the so-called "to convict" instruction. It accurately states the elements of the crime as defined by RCW 9.69.080 and admonishes the jurors that it is the state's burden to prove

each element beyond a reasonable doubt. Scherck has failed to set out in his brief either instruction No. 4 or his proposed substitute instructions as required by CAROA 43. His claim of error does not involve a constitutional right. Consequently, this assignment may not be further considered. *State v. Hinkley,* 52 Wn.2d 415, 325 P.2d 889 (1958); *State v. Mason,* 41 Wn.2d 746, 252 P.2d 298 (1953); *State v. Williams,* 4 Wn. App. 411, 481 P.2d 918 (1971).

The judgment is affirmed.

FARRIS and CALLOW, JJ., concur.