[No. 44552. En Banc. February 2, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. ALVIN HEGGE, ET AL, *Respondents.*

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for appellant.

*Collins & Hansen,* by *Nels A. Hansen,* for respondents Hegge, et al.

*Jim Walsh* of *Grant–Adams County Legal Services* and *Norman R. McNulty, Jr.,* of *Spokane Legal Services Center,* for respondent Fowler.

HICKS, J.—This matter comes to this court on certification from the Court of Appeals, Division Three, pursuant to RCW 2.06.030(c).

Respondents (defendants) were originally charged with third–degree assault and thereafter charged with tampering with a witness to the alleged assault. Tampering with a witness was a felony under RCW 9.69.080.[1] The amended

---

[1] "Every person who shall wilfully prevent or attempt to prevent, or who shall wilfully conspire to prevent, by persuasion, threats, or otherwise, any person from

information was filed February 17, 1976, while RCW 9.69-.080 was still in effect, and charged that the defendants:

> wilfully, unlawfully and feloniously did attempt to prevent by cajolement, persuasion, threats and acts of force a person . . . from appearing before a court as a witness . . . said defendants . . . having intent thereby to obstruct the course of justice.

Defendants challenged this charge on the ground that RCW 9.69.080 is unconstitutional under the first and fourteenth amendments to the United States Constitution and article 1, sections 3 and 5 of the Constitution of the State of Washington. Their claim is that the statute is (1) so overbroad as to make protected speech a crime, and (2) so vague that a reasonable person cannot determine what is proscribed.

The trial court agreed with the defendants and dismissed the charge for the reason that RCW 9.69.080 is unconstitutionally broad and that "to comply with said constitutional provisions the statutes must be specific and concise, not vague." The terms "persuasion" and "otherwise" as used in the statute impelled the court to this view.

We have reviewed the evolution of the wording of the statute and the manner of its application, which we find limited from the very first case by reference to the clause "with intent to obstruct the course of justice." This review convinces us that the statute is neither overbroad nor vague, thus we reverse.

Tampering with a witness has been a statutory crime in this state since 1901. While the classification of the crime has been changed from time to time, the definition has remained essentially the same. In 1901 the statute read:

---

appearing before any court, or officer authorized to subpoena witnesses, as a witness in any action, proceeding, trial, investigation, hearing, inquiry, or other proceedings authorized by law, with intent thereby to obstruct the course of justice, shall be guilty of a felony and shall be punished by imprisonment in the state penitentiary for a term of five years." RCW 9.69.080.

This statute has since been repealed and replaced by RCW 9A.72.090-.120.

If any person shall wilfully and corruptly hinder, prevent, or endeavor to hinder, or prevent, any person from appearing before any court of justice as a witness, or from giving evidence, in any action or proceeding, with intent thereby to obstruct the course of justice, he shall be deemed guilty of the misdemeanor of tampering with a witness, and, upon conviction thereof, shall be punished by imprisonment in the county jail for any period not exceeding one year, or by fine not exceeding one thousand dollars, or both, in the discretion of the court.

Laws of 1901, ch. 17, p. 16.

In *State v. Bringgold,* 40 Wash. 12, 82 P. 132 (1905) decided under the above statute, this court in construing the statute for the first time said at pages 21–22:

If the endeavor to prevent the person from appearing as a witness and giving evidence is done with intent to obstruct the course of justice, it matters little what form the endeavor takes. It may be by *persuasion, advice, threats,* or *physical acts of intervention*—either constitutes the crime. So if it were true that the appellant merely tried to persuade this witness not to appear, the evidence would be sufficient to warrant his conviction, as it appears clearly that the effort was made for the purpose of obstructing the course of justice.

(Italics ours.) The italics show that the language which the trial court finds vague in the current statute was taken directly from an opinion construing the old statute. The legislature simply sought to incorporate this court's *Bringgold* construction into the statute itself.

By the time *State v. Wingard,* 92 Wash. 219, 158 P. 725 (1916) came before the court, the statute had been accordingly amended as follows:

Every person who shall willfully prevent or attempt to prevent, by *persuasion, threats* or *otherwise,* any person from appearing before any court, or officer authorized to subpoena witnesses, as a witness in any action, proceeding or investigation, with intent thereby to obstruct the course of justice, shall be guilty of a gross misdemeanor.

(Italics ours.) Rem. & Bal. Code § 2363.

In *Wingard,* there was testimony that defendant appeared at the rooms of witnesses, attempted to persuade them not to appear in obedience to subpoenas, and stated to them in substance that there was a good thing in it for them; that they would be well paid for it; that the subpoenas did not amount to anything; and that they would not be able to live in town afterwards if they appeared as witnesses. Such evidence, if believed by the jury, was held sufficient to convict under the statute.

In *State v. Scherck,* 9 Wn. App. 792, 794, 514 P.2d 1393 (1973), we find the statute had been amended to the form it was in until repealed.[2] In *Scherck,* the gravamen of the offense was once again the intent with which words were spoken. It was for the jury to determine what Scherck intended if, as the evidence indicated, he said, "'"If you will refuse to appear as a witness in a trial . . . [involving Scherck's friend] the State will have no course but to drop the case."'" When the witness stated he could not refuse to appear, Scherck observed that the witness had a nice house in a nice neighborhood and that "'[i]t would be a shame if anything happened to it'", and further Scherck allegedly said that if the case came to trial it "'would be very embarrassing'" for the witness. From the foregoing, the jury could find the requisite intent under the statute to obstruct the course of justice.

A plain reading of the various forms of the statute set forth above fails to impress us with the vagueness of any one of them. On the contrary, the meaning seems very clear. From the earliest case, *State v. Bringgold, supra,* it has been apparent that the court has construed the witness–tampering statute to proscribe any endeavor to prevent a person from appearing as a witness done with the intent to obstruct the course of justice. Any reasonable person would be capable of apprehending what was proscribed by the statute.

---

[2]See footnote 1.

 A defendant challenging a statute as denying him due process under the Fourteenth Amendment because of vagueness must test that alleged vagueness by matching the conduct with which he stands charged against the statute. If his conduct clearly fits within the proscriptions of the statute, he does not have standing to challenge the constitutionality of the statute based on vagueness in regard to some hypothetical conduct of some third party. *Parker v. Levy,* 417 U.S. 733, 755–56, 41 L. Ed. 2d 439, 94 S. Ct. 2547 (1974).

In this instance, defendants were charged with attempting by "threat and force" to prevent a witness from appearing in court. While we have nothing in the record to indicate the exact conduct which gave rise to the charges against defendants, it is unquestionable that they had fair notice by the terms of the statute that "threats and force" used against a witness to prevent him from appearing is punishable conduct. So defendants do not have standing even if this statute is one of the type adverted to in *Smith v. Goguen,* 415 U.S. 566, 578, 39 L. Ed. 2d 605, 94 S. Ct. 1242 (1974):

> [which] by their terms or as authoritatively construed apply without question to certain activities, but whose application to other behavior is uncertain.

The difficulty these defendants had in conforming their conduct to the requirements of the law was not due to any ambiguity there may be in the terms of the statute. We hold that defendants have no standing to challenge the constitutionality of RCW 9.69.080 on the grounds of vagueness.

The doctrine of overbreadth as raised by defendants stands on somewhat different ground. Defendants do not argue that their conduct was protected under the First Amendment. Rather, they argue that the statute is overbroad on its face.

The United States Supreme Court has determined in First Amendment cases, particularly those involving pure speech, that the court will permit a defendant standing to

challenge a statute facially for overbreadth. That is, the statute may be challenged not simply as applied to the defendant's conduct, but as to the constitutionality of the law on its face as it might be applied, hypothetically, to anyone. *Gooding v. Wilson,* 405 U.S. 518, 31 L. Ed. 2d 408, 92 S. Ct. 1103 (1972).

However, this rule, which is an exception to the usual standing requirement for bringing constitutional questions before the court, appears to have been limited in its application by *Broadrick v. Oklahoma,* 413 U.S. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973). *Broadrick* makes a distinction between those cases involving pure speech, where standing is allowed regardless of the statute's application to the particular defendants, and those involving speech plus something more where the more traditional standing requirements apply, unless the statute is *substantially* overbroad on its face.

■ The court emphasizes how very limited the facial overbreadth doctrine is,

> Application of the overbreadth doctrine in this manner is, manifestly, strong medicine. It has been employed by the Court sparingly and only as a last resort. Facial overbreadth has not been invoked when a limiting construction has been or could be placed on the challenged statute.

(Citations omitted.) *Broadrick v. Oklahoma, supra* at 613.

The *Broadrick* court also states why the traditional rules of standing have been altered in the First Amendment area:

> [to allow litigants] to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that *the statute's very existence* may cause others not before the court to refrain from constitutionally protected speech or expression.

(Italics ours.) *Broadrick v. Oklahoma, supra* at 612.

We do not agree with defendants that RCW 9.69.080 is a pure speech statute, as it encompasses illegal conduct. For

example, either forcefully detaining a witness from appearing in court, or payment of money to a witness for refraining from appearing, if done with intent to obstruct the course of justice, is clearly within the purview of the statute. Therefore, according to *Broadrick* at page 615, overbreadth "must not only be real, but substantial" in order for the statute to be struck down. RCW 9.69.080 is clearly not substantially overbroad.

■ But regardless of whether the statute is deemed to regulate only spoken words, or speech and conduct both, defendants cannot properly invoke the doctrine of facial overbreadth. As stated in *Broadrick,* facial overbreadth has no applicability where, as here, the statute has been given a limiting construction.

The limiting factor in RCW 9.69.080 is that, to constitute a crime, an endeavor to prevent a witness from appearing must have been made *with the intent to obstruct the course of justice.*

■ Furthermore, where a statute has been repealed there is no basis for allowing defendants to invoke the facial overbreadth doctrine. A repealed statute certainly cannot be said to inhibit freedom of expression, or mute protected speech. Without such a threat to First Amendment rights, there can be no purpose for the doctrine, and no reason not to apply the statute to conduct which is clearly within the legitimate scope of the statute.

The judgment of the trial court is reversed and the cause is remanded so that defendants may proceed to trial under RCW 9.69.080.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.