[No. 14293.  Department Two.  October 16, 1917.]

*In the Matter of the Application of* PEARL GILDER *for a*
*Writ of Habeas Corpus.*[1]

INFANTS—DELINQUENT CHILDREN — COMMITMENT — STATUTES.   A
of twenty-one years," and that "in no case shall a child be commit-
under the juvenile court act until twenty-one years of age; it being
provided by Rem. Code, § 1987-1 that the act shall apply to all minor
children under the age of eighteen years, and by § 1987-10 that the
record might be destroyed "on or before the child arrives at the age
of twenty-one years," and that "in no case shall a child be commit-
ted beyond the age of twenty-one years."

Appeal from an order of the superior court for Spokane
county, Hurn, J., entered June 20, 1917, upon sustaining a
demurrer to the petition, dismissing a petition for a writ of
habeas corpus.   Affirmed.

*Lawrence H. Brown,* for appellant.

*John B. White* and *Harry G. Kinzel,* for respondent.

MOUNT, J.—This appeal is from an order of the lower
court sustaining a demurrer to a petition for a writ of *habeas
corpus.*   The petitioner has appealed.

The facts alleged in the petition are substantially as fol-
lows:   That, on February 19, 1916, the juvenile branch of
the superior court of Spokane county found the petitioner,
Pearl Gilder, to be a juvenile delinquent, and ordered her
"committed as a juvenile delinquent to the care of the  .  .  .
House of the Good Shepherd until she  .  .  .  should reach
the age of twenty-one years, or until further order of said
court;" that thereafter, and ever since said time, the peti-
tioner has been wrongfully and unlawfully committed, and is
now confined in said House of the Good Shepherd under the
control of the probation officer of Spokane county; that the
petitioner became of full age, to wit, of the age of eighteen

[1]Reported in 167 Pac. 1093.

years, on June 8, 1917, and the said probation officer and the House of the Good Shepherd refused the applicant her liberty.

The point which the appellant seeks to make is that the juvenile court was without authority to commit her to the House of the Good Shepherd beyond the age of eighteen years. It is conceded that the court had jurisdiction of the person of the petitioner and to commit her to the House of the Good Shepherd until she reached the age of eighteen years, but it is argued that the act relating to the welfare of dependent and delinquent children (chapter 160, page 520, Laws of 1913; Rem. Code, § 1987-1) does not apply to females over the age of eighteen years, and that, when the petitioner became eighteen years of age, she was entitled to a discharge. This contention involves a construction of that act. The act provides, at § 1 (Id., § 1987-1), that it shall apply to all minor children under the age of eighteen years who are delinquent or dependent, and that a dependent child shall mean any child under the age of eighteen years. There can be no doubt that, at the time the child was found and adjudged to be a dependent child, the court had the power to commit her, because she was under the age of eighteen years. The trial court committed her to the House of the Good Shepherd until she should reach the age of twenty-one years, or until further order of said court. The act provides, at § 10 (Id., § 1987-10), for a private hearing in a room provided for the purpose in the courthouse, and that, at such hearing, the court shall have power to exclude the general public from the room, and that the record of that hearing might subsequently be destroyed at any time in the discretion of the judge presiding in said court "on or before the child shall arrive at the age of twenty-one years." And, after providing that the court may make an order with respect to the care and custody of the child which in the judgment of the court would promote the child's health and welfare, it further provides:

"In no case shall a child be committed beyond the age of twenty-one years." Rem. Code, § 1987-10.

We think this is direct authority for the court to make an order committing the child until the age of twenty-one years, which was done in this case. No distinction is made between the sexes. A male or a female child stands upon the same basis, and each is entitled to the same privileges under the statute. In the case of *In re Lundy*, 82 Wash. 148, 143 Pac. 885, Ann. Cas. 1916E 1007, we had occasion to consider the proper construction of this same act, and we there held that the act was to be liberally construed to effect the beneficent purposes thereof, and that the age of delinquent and dependent children, and not the minority, is the controlling element, and we applied this rule to a girl under eighteen years of age who was married to a man of full age, notwithstanding another section of the code which declared all female married persons to be persons of full age. In that case, after discussing the object and purposes of the act, we said:

"Clearly, the age is the controlling element, not the minority."

It is true, in that case, we were considering the question whether, upon the marriage of a female under the age of eighteen years, she became of full age by reason of the marriage, but we think the reasoning applied in that case is applicable here, and that the purpose of the act was to give the court control of dependent and delinquent children under the age of eighteen years from the time of delinquency until the child becomes twenty-one years of age, irrespective of sex. After the child arrives at the age of eighteen years, before the adjudication of dependency or delinquency, of course the act would not apply, but where the child is delinquent or dependent prior to the age of eighteen years, then we think it is clear, from a reading of the whole act, that the court would have power to control the child under the act until it arrived at the age of twenty-one years. We are satisfied, therefore,

that the trial court properly sustained the demurrer to the petition, and the judgment appealed from is affirmed.

Ellis, C. J., Parker, Holcomb, and Fullerton, JJ., concur.