[No. 7397–4–I.   Division One.   April 7, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY
C. PELLA, *Appellant*.

*Robert Olson* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Pamela L. Holliday, Deputy,* for respondent.

Dore, J.—Defendant appeals a conviction of intimidating a witness.

## Issue

Whether the complaining party was about to be called as a witness in an official proceeding within the meaning of RCW 9A.72.110.

## Facts

On November 16, 1978, the juvenile defendant told Eric Goodman, a 13–year–old juvenile, that unless Eric paid $50 to the defendant and two friends, Mark Grubbe and Allen Humphries, the defendant would tell the police that Eric started a fire in a garage. Similar threats were subsequently made by Grubbe and Humphries.

On November 18, Eric received $50 in marked bills from the Seattle Police Department and turned the money over to Grubbe. Grubbe and Humphries were later arrested and Eric gave the police a written statement of the events surrounding the crime.

On November 19, the defendant informed Eric that unless he told the police that the charges were unfounded, the defendant would kick Eric's "ass."

The case proceeded to a nonjury trial. Defendant was convicted of extortion in the first degree and intimidating a witness. Defendant appeals the intimidating a witness conviction.

## Decision

RCW 9A.72.110 provides as follows:

9A.72.110 Intimidating a Witness. (1) A person is guilty of intimidating a witness if, by use of a threat directed to a witness or a *person he has reason to believe*

*is about to be called as a witness in any official proceeding,* he attempts to:
(a) Influence the testimony of that person; or
(Italics ours.)
■ Criminal statutes are to be narrowly construed. *Haili v. United States,* 260 F.2d 744 (9th Cir. 1958); *State v. Larson,* 119 Wash. 123, 204 P. 1041 (1922). Furthermore, strict construction requires that the court resolve all doubts against including borderline conduct. *In re Carson,* 84 Wn.2d 969, 530 P.2d 331 (1975).

In light of the above rules of statutory construction, defendant argues that RCW 9A.72.110 has not been violated because, at the time the threat was made the defendant had no reason to believe that Eric was about to be called as a witness in an official proceeding. We agree.

An "official proceeding" has been defined in RCW 9A.72-.010 as "a proceeding heard before any legislative, judicial, administrative, or other government agency or official authorized to hear evidence under oath, including any referee, hearing examiner, commissioner, notary, or other person taking testimony or depositions;"

■ Numerous cases have held that an "official proceeding" begins, at the earliest, with the filing of a complaint. *State v. Howe,* 247 N.W.2d 647 (N.D. 1976); *United States v. Metcalf,* 435 F.2d 754 (9th Cir. 1970).

In the present case the threat was made 1 day after the arrest of the codefendants. No information had been filed. Accordingly, we hold that an official proceeding was not pending at the time the threat was made.

The State relies on *State v. Scherck,* 9 Wn. App. 792, 514 P.2d 1393 (1973) to support the conviction. In *Scherck,* this court held that a proceeding need not be pending in order for one to be guilty of tampering with a witness. However, the *Scherck* court was construing RCW 9.69.080,[1] the predecessor of the present statute. The language of this prior

[1]RCW 9.69.080 stated:

statute did not specifically limit its application to "official proceedings."

Reverse.

JAMES, A.C.J., and RINGOLD, J., concur.

---

"Every person who shall wilfully prevent or attempt to prevent, or who shall wilfully conspire to prevent, by persuasion, threats, or otherwise, any person from appearing before any court, or officer authorized to subpoena witnesses, as a witness in any action, proceeding, trial, investigation, hearing, inquiry, or other proceedings authorized by law, with intent thereby to obstruct the course of justice, shall be guilty of a felony and shall be punished by imprisonment in the state penitentiary for a term of five years."