[No. 23076–0–I.   Division One.   April 16, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. KENNETH
LAVON WILEY, *Appellant.*

*Helen A. Anderson* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael
Hogan, Deputy,* for respondent.

PEKELIS, J.—Kenneth Wiley appeals his conviction for
intimidating a witness. He contends that there is insuffi-
cient evidence to support the conviction because no official
proceeding or criminal investigation was pending during the
time he allegedly threatened the witness.

Based on complaints made by Rita Banks, Kenneth Wiley was charged with promoting prostitution, second degree assault and intimidating a witness. Banks testified at trial on behalf of the State, and Wiley testified on his own behalf. Their testimony established the following facts.

Banks first met Wiley in 1982, but lost touch with him when he left Seattle. When Wiley returned to Seattle in 1988, Banks contacted him and later moved in with him.

Banks testified that soon after she moved in with Wiley, he asked her to make money for him by prostituting herself. Banks went out to prostitute herself the night of April 15, 1988. She went out again on April 16, when she was arrested by an undercover police officer. Wiley denied that he ever asked Banks to prostitute herself. He testified that he was disturbed by her conduct.

Banks and Wiley had frequent arguments, and Banks testified that on May 6 Wiley physically assaulted her. Banks was treated at Harborview Hospital for facial abrasions, a dislocated shoulder and a sprained neck. She wore a neck collar and arm sling for several days. Wiley testified that Banks injured herself by falling down on the floor.

Banks testified that shortly after this incident, Wiley took nude photographs of her. Wiley told her that if she tried to send him to jail, he would send the photographs to her mother. Wiley denied that he took the photographs. He testified that he became upset when he discovered his 11–year–old nephew looking at the photographs, and threatened to send the photographs to Banks' mother to "let her see what kind of a daughter she really has."

On May 24, Banks contacted the police and filed a complaint against Wiley. Detective Sara Springer testified that she first interviewed Banks on May 26 and began investigating Wiley on that date.

At the conclusion of the trial, the jury convicted Wiley of second degree assault and intimidating a witness, but acquitted him of promoting prostitution. Wiley appeals his conviction for intimidating a witness.

Wiley first contends that there is insufficient evidence to support his conviction for intimidating a witness because no official proceeding or criminal investigation was pending at the time he allegedly threatened Banks. This contention is based on his argument that RCW 9A.72.110, which defines the crime of intimidating a witness, requires that an official proceeding or criminal investigation be pending at the time the threat was made. Wiley also contends that there is no evidence that he attempted to accomplish any of the acts prohibited by RCW 9A.72.110.

The current version of RCW 9A.72.110 provides as follows:

> (1) A person is guilty of intimidating a witness if a person directs a threat to a former witness because of the witness' testimony in any official proceeding, or if, by use of a threat directed to a current witness or a person he has reason to believe is about to be called as a witness in any official proceeding or to a person whom he has reason to believe may have information relevant to a criminal investigation, he attempts to:
> (a) Influence the testimony of that person; or
> (b) Induce that person to elude legal process summoning him to testify; or
> (c) Induce that person to absent himself from such proceedings.

RCW 9A.72.110(1). As originally enacted, the statute encompassed only threats directed to a person whom the defendant "has reason to believe is about to be called as a witness in any official proceeding". Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.72.110. The statute was amended in 1982 to include threats directed to a person whom the defendant "has reason to believe may have information relevant to a criminal investigation". Laws of 1982, 1st Ex. Sess., ch. 47, § 18.[1]

The court in *State v. Pella*, 25 Wn. App. 795, 612 P.2d 8 (1980), interpreting the original version of RCW 9A.72.110, held that an official proceeding had to actually be pending

---

[1]The statute was amended again in 1985 to include threats to former witnesses. Laws of 1985, ch. 327, § 2.

at the time the threat was made. In *Pella,* no official proceeding was pending since no complaint had been filed at the time the threat was made. *Pella,* 25 Wn. App. at 797. The court thus reversed the defendant's conviction for intimidating a witness. *Pella,* 25 Wn. App. at 797–98.

Wiley contends that there is no indication the Legislature intended the 1982 amendment to RCW 9A.72.110 to change the *Pella* court's reasoning. Thus, Wiley argues, the amendment does not alter the basic premise that some action, be it an official proceeding or a criminal investigation, must be pending at the time the threat is made. The State argues that the Legislature did not intend to limit the statute's expanded protection to pending criminal investigations, and that the statute now encompasses threats made to prevent the reporting of a crime or cooperation in a criminal investigation.

In construing statutes, the reviewing court assumes that the Legislature is familiar with past judicial interpretation of its enactments. *State v. Calderon,* 102 Wn.2d 348, 351, 684 P.2d 1293 (1984). An amendment to a statute is also to be read in light of cases construing the statute. *In re Harris,* 94 Wn.2d 430, 435, 617 P.2d 739 (1980). The court will not assume that the Legislature would effect a significant change in legislative policy by implication. *Calderon,* 102 Wn.2d at 351.

After the court in *Pella* interpreted RCW 9A.72.110 as requiring that an official proceeding be pending at the time the threat was made, the Legislature amended the statute to include threats made to a person whom the defendant "has reason to believe may have information relevant to a criminal investigation". Thus, the amendment broadens the scope of the statute by reaching the situation where the defendant attempts to interfere with *a criminal investigation,* even when no official proceeding is as yet pending.

However, the plain language of the amended statute refutes the State's argument that the amendment also encompasses threats made to prevent *the reporting* of a crime. Since we assume that the Legislature would not

effect a significant policy change by implication, *see Calderon,* 102 Wn.2d at 351, and since the amendment should be read in light of *Pella, see In re Harris,* 94 Wn.2d at 435, we construe RCW 9A.72.110 as requiring that either an official proceeding or a criminal investigation actually be pending at the time the threat was made. Here, Wiley was charged with intimidating Banks between April 17, 1988, and May 24, 1988. However, a criminal investigation of Banks did not commence until May 24, when Banks first contacted the police. Since no criminal investigation was pending at the time the threats were made, we reverse Wiley's conviction of intimidating a witness.[2]

SWANSON and SCHOLFIELD, JJ., concur.

---

[2]Because we dispose of the case on this basis, we do not reach Wiley's contention that there is no evidence that he attempted to accomplish any of the acts prohibited by RCW 9A.72.110.