[No. 29749-7-III.   Division Three.   January 8, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMIE STEWART ANDREWS, *Appellant*.

*Janet G. Gemberling* (of *Janet Gemberling PS*), for appellant.

*James P. Hagarty*, *Prosecuting Attorney*, and *Kevin G. Eilmes*, *Deputy*, for respondent.

¶1 BROWN, J. — Jamie Andrews appeals his witness tampering conviction. He contends insufficient evidence

supports his conviction and the trial court erred in admitting copies of text and voice message evidence. We affirm.

## FACTS

¶2 Carrie Frazier was subpoenaed as a witness in Ron Ralston's motor vehicle theft trial but did not show up; she was scared to testify against Mr. Ralston at trial. After officers arrested Ms. Frazier on a material witness warrant, they obtained a search warrant for her cellular phone. Using a digital camera, Officer Michael Durbin photographed text messages he found on Ms. Frazier's cell phone and used a digital recorder to record voice messages. The State charged Mr. Andrews with intimidating a witness or, alternatively, witness tampering. At trial, over Mr. Andrews' objection, Ms. Frazier testified to three voice messages left on her cellular phone.

¶3 On the first message, the caller, identified as "Yoshie," told Ms. Frazier, "You need to fucking stay under the radar. Stay the fuck down and yeah just be like that girl. Now that's on, that, that is on the real because if it happens any different than yeah, you're gonna have some problems." Ex. 12; Report of Proceedings (RP) at 1. Ms. Frazier understood the message to mean that she was to make herself unavailable to testify at trial, that Yoshie was serious, and that she might be subject to retaliation if she did show up to testify. The second message, again from Yoshie, demanded a call back from Ms. Frazier in order to make sure "you're doing what you're supposed to do." Ex. 12; RP at 1. Ms. Frazier understood that he was checking to make sure she was not going to trial. In the third voice message, Yoshie instructed Ms. Frazier to let him know "where you are and what's up" and "I think it's today." Ex. 12; RP at 2. Ms. Frazier understood that Yoshie was requesting that she should stay unavailable for just one more day, and the trial would be over with.

¶4 Also admitted over defense objection were several text messages from Yoshie. The caller identification listed

"Cosmo Mike" as the sender, but the text messages state they are from "Yoshie." RP (Jan. 5, 2011) at 136.

¶5 The court allowed the photographs of the text messages and the recordings of the voice messages under ER 1003, finding, "It's a piece of technology that would be unusable and would not be reviewable by the jury, I think, unless you're raising an issue as to the authenticity." RP (Jan. 5, 2011) at 63. Mr. Andrews' attorney responded that he did not "have any evidence" to support that what the officer "took off the phone" was not correct. *Id.* at 64.

¶6 Ms. Frazier identified Mr. Andrews in court as the individual known to her as Yoshie. Additionally, she recognized the voice on the recordings as Yoshie's. Police confirmed Mr. Andrews was known as Yoshie. And Mr. Andrews has a tattoo of the name Yoshie on his body.

¶7 Ms. Frazier testified to a specific phone conversation between her and Mr. Andrews where he told her that she "did not need to go to court . . . and testify against Ronald." RP (Jan. 5, 2011) at 143. Ms. Frazier testified that the voice messages, as well as the text messages, were on her cell phone when she was arrested. According to Ms. Frazier, Mr. Andrews offered $500 if she did not testify.

¶8 The jury found Mr. Andrews guilty of witness tampering. He appealed.

## ANALYSIS

### A. Evidence Sufficiency

¶9 The issue is whether sufficient evidence supports Mr. Andrews' witness tampering conviction.

■ ■ ¶10 Sufficient evidence supports a conviction if, when viewed in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime proved beyond a reasonable doubt. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). On appeal, this court draws all reasonable inferences from

the evidence in favor of the State and interprets them most strongly against the defendant. *Id.* In the sufficiency context, this court considers circumstantial evidence as probative as direct evidence. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). We may infer specific criminal intent from conduct that plainly indicates such intent as a matter of logical probability. *Id.* This court defers to the fact finder on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Raleigh*, 157 Wn. App. 728, 736, 238 P.3d 1211 (2010), *review denied*, 170 Wn.2d 1029 (2011).

■ ¶11 The crime of witness tampering may be committed by three alternative means: attempting to induce a person to (1) testify falsely or withhold testimony, (2) absent himself or herself from an official proceeding, or (3) withhold information from a law enforcement agency. RCW 9A.72.120(1)(a)-(c).

■ ¶12 Mr. Andrews contends nothing links the texts and voice messages to him. But the jury could reasonably infer from the text messages, voice messages, and Ms. Frazier's testimony that Mr. Andrews was attempting to induce Ms. Frazier to be absent from Mr. Ralston's trial. The text messages state they were from Yoshie. Ms. Frazier testified the voice messages were from Yoshie. And, Yoshie is Mr. Andrews' alternative name. Indeed, he has a tattoo of the name Yoshie on his body. Additionally, Ms. Frazier testified to a phone conversation about her not testifying against Mr. Ralston and an offer by Mr. Andrews for $500 in exchange for her silence. The evidence was sufficient for any rational trier of fact to find the essential elements of the charged crime were proved beyond a reasonable doubt. Therefore, Mr. Andrews' evidence insufficiency claim fails.

## B. Evidence Admissibility

¶13 The issue is whether the trial court erred by abusing its discretion in admitting the photographs of the text

messages and the voice message recordings at trial. Mr. Andrews contends the trial court violated the best evidence rule and argues, even assuming the copies were admissible, the State did not authenticate them.

■ ¶14 We review evidentiary rulings for abuse of discretion; discretion is abused when the trial court's decision is manifestly unreasonable or based upon untenable grounds or reasons. *State v. Magers*, 164 Wn.2d 174, 181, 189 P.3d 126 (2008).

■ ¶15 While Mr. Andrews partly argues a misapplication of the best evidence rule, ER 1004, addressing when an original is not required, the trial court admitted the challenged evidence under ER 1003. Under that rule, a duplicate is admissible to the same extent as an original unless the authenticity of the original is challenged or it would be unfair to admit the duplicate in lieu of the original. ER 1003.

■ ¶16 Here, the evidence is admissible under ER 1003 unless Mr. Andrews raised an authenticity issue; he did not. Counsel related that Mr. Andrews did not have any evidence to challenge the authenticity of the text and voice messages from Ms. Frazier's cellular phone. We are persuaded by the reasoning of the North Dakota Supreme Court that decided a victim's testimony as to the defendant's phone number and signature sufficiently authenticated pictures of received text messages. *State v. Thompson*, 2010 ND 10, 777 N.W.2d 617, 624. The court held, "[T]he proponent of offered evidence need not rule out all possibilities inconsistent with authenticity or conclusively prove that evidence is what it purports to be; rather, the proponent must provide proof sufficient for a reasonable juror to find the evidence is what it purports to be." *Id.* (citing FED. R. EVID. 901(a); *United States v. Hyles*, 479 F.3d 958, 968-69 (8th Cir. 2007)). Similarly, an Illinois appellate court, citing *Thompson*, decided no error occurred in admitting a transcript of received text messages as read by the victim. *People v. Chromik*, 408 Ill. App. 3d 1028, 946 N.E.2d 1039, 1056, 349 Ill. Dec. 543 (2011).

¶17 Here, Mr. Andrews appeared to acquiesce to the authenticity of the original as required for admissibility under ER 1003. Moreover, circumstantial evidence supported authenticity and admission. The text messages and voice messages were similar in import. The name used in the messages and the person's voice on the voice messages were linked to Yoshie, a name known to be used by Mr. Andrews. The jury could weigh the evidence and decide the credibility of all witnesses in reaching its decision. Given all, the court had tenable grounds to allow the text messages and voice messages as evidence under ER 1003 against Mr. Andrews and did not err.

¶18 Affirmed.

SIDDOWAY, A.C.J., and KULIK, J., concur.

Review denied at 177 Wn.2d 1014 (2013).